CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 07 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:06CR00038 |
| | ) | (CASE NO. 5:15CV80826) |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ALMOSSE TITI, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Almosse Titi, a federal inmate proceeding pro se, filed a pleading that he styled as a "MOTION FOR POST CONVICTION RELIEF AND INCORPORATED MEMORANDUM OF LAW" (ECF No. 607). Based on the nature of his claims, the court construed and docketed his submission conditionally as his initial § 2255 motion.[1] Because Titi has not responded to the conditional filing order entered in this case, the court now dismisses the § 2255 action without prejudice.

A district court must offer the defendant an opportunity to elect whether or not he objects to the court's stated intention to address his post-conviction motion as a § 2255 action. See Castro v. United States, 540 U.S. 375 (2003). In deciding whether or not to object to the court's construction of his submission as a § 2255 motion, the defendant should consider particularly § 2255(f) (setting time limit for defendant to file a § 2255 motion) and § 2255(h) (limiting defendant's ability to file second § 2255).

In this case, the court notified Titi that his motion had been construed as a § 2255 motion, advised him of the statute of limitations and successive petition provisions of that statute, and gave him two options (1) to submit his written object to the court's construction of his

---

[1] Several weeks after his first submission, but before the court's conditional filing order, Titi submitted a second motion for post conviction relief (ECF No. 608). Although its title and formatting was slightly different, its contents and claims were substantially similar. Therefore, the court conditionally filed only Titi's initial submission.

submission as a § 2255 motion, or (2) to elect to proceed under § 2255 by filing a properly executed § 2255 motion. The court also advised Titi that if he failed to respond to the order, either by objecting or by submitting a proper § 2255 motion, the conditionally filed § 2255 motion would be dismissed without prejudice.

Titi's response time has elapsed, and he has had no further communication with the court. Because he has neither objected to, nor adopted, the conditional construction of his submission as a § 2255 motion, his § 2255 motion will be dismissed without prejudice. Titi's motion as originally styled and his later, substantially similar motion seeking the same type of post conviction relief on the same grounds must also be denied. This court may grant the sort of relief he requests only under the authority of § 2255, and Titi has not elected to pursue his claims under that statute. Accordingly, his motions must be denied. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 7th day of July, 2015.

*[signature]*

Chief United States District Judge